IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-00080-FL-1
NO. 5:13-CV-00046-FL

| | |
|---|---|
| JERRY SCOTT HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This cause comes before the Court upon petitioner Jerry Scott Hill's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"), which the Government seeks to dismiss. (DEs 83, 86, 92). Hill also seeks leave to file a response to the Government's motion out of time. (DE 95). Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, the undersigned RECOMMENDS that Hill's motions to vacate (DEs 83, 86) be DENIED and that the Government's motion to dismiss (DE 92) be GRANTED. Additionally, Hill's motion for leave (DE 95) is GRANTED and his Rule 35(a) motion (DE 96 at 5) is DENIED.

I.  **BACKGROUND**

   *A. Procedural Background*

   On February 3, 2011, Hill was convicted by a jury of possession of a firearm by a felon, in violation of 18 U.S.C. § 922 (g)(1) and § 924. (DE 55). He was sentenced on April 29, 2011 to 262 months imprisonment, five years supervised release, and given a fine of $3,000.00 and

special assessment of $100.00. (DE 72). His conviction and sentence were affirmed on direct appeal. (DE 81).

On January 13, 2013, Hill filed a § 2255 motion. (DE 83). Inasmuch as the wrong form was utilized, Hill was advised of the deficiency and provided the proper form to file such a motion. (DE 84). On February 3, 2013, Petitioner filed a compliant §2255 motion asserting ineffective assistance of counsel. (DE 86). The government asserts that the motion to vacate should be dismissed. (DE 92).

*B. Factual Background*

The Court of Appeals for the Fourth Circuit summarized the facts of this matter, viewed in the light most favorable to the Government, *see United States v. Burgos*, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), as follows: On October 25, 2009, the Harnett County Sheriff's Office received a 911 "domestic disturbance" call from Denise Miller, Hill's live-in girlfriend. Miller claimed that Hill had barricaded himself inside the home he shared with her and would not let her in. Deputy Jose Peralta testified that, when he arrived at the home, he knocked on the front door and, after receiving no response, went around to the back door where, again, he received no response after knocking. Peralta called Miller and advised that no one appeared to be in the home and that she could return. Peralta also spoke with Hill on his cell phone, and was told by Hill that he was not in the home. Shortly thereafter, Miller arrived and asked Peralta to check the residence for her. Miller unlocked the back door for Peralta and Deputy Robbie Adams (who had arrived just after Miller); the two deputies searched the home and, upon entering the living room, saw a shotgun in plain sight leaning against the wall next to the front door, as well as a green bag containing shotgun shells. A criminal history check revealed that Hill was a convicted felon.

Hill soon arrived and, when asked about the shotgun, said, "It's not mine. It belongs to [Miller's] brother, and he let me borrowed [sic] it because I heard noises in the back of the property, and I got it for my protection." Adams testified that when he asked Hill why he had the shotgun, Hill replied, "You know, I'm paranoid. They're out to get me."

Miller testified that, although she told the 911 dispatcher that she thought Hill had her brother's shotgun in the house, she had never seen Hill in possession of the gun, nor had she seen it in her house prior to its discovery by the deputies. According to Miller, approximately two weeks after Hill's arrest, her son, Clay Baker, and her nephew, Brandon Miller, came to her and said that they — not Hill — had borrowed the shotgun from Miller's brother.

Miller's brother, Kent Miller, testified that Brandon and Clay had borrowed his shotgun some time before October 25, 2009, and that he had never loaned the gun to Hill. Both Brandon and Clay also testified that it was they, not Hill, who had borrowed the shotgun from Kent Miller. At the conclusion of the Government's evidence, Hill moved for a judgment of acquittal, Fed.R.Crim.P. 29, on the basis of insufficient evidence; the motion was denied. The jury found Hill guilty as to Count Three of the indictment (which charged him with possessing a firearm on October 25, 2009); he was acquitted as to Count One (charging him with possessing a different firearm on a prior occasion).

The presentence report ("PSR") noted that Hill had three prior violent felony convictions, thus qualifying him as an armed career criminal. Hill's advisory Guidelines range was determined to be 262–327 months imprisonment. The court imposed a sentence at the bottom of the range, 262 months, and Hill timely appealed. The Court of Appeals for the Fourth Circuit affirmed the conviction and sentence on May 4, 2012. The present motion followed.

3

## II.     LEGAL STANDARDS

*A. Motion to Dismiss*

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe*, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

*B. 28 U.S.C. § 2255*

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g., Miller v. United*

4

*States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); *see United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

*C. Ineffective Assistance of Counsel*

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

5

### III. ANALYSIS

*A. Ineffective assistance of counsel*

Hill takes exception with counsel's representation, asserting that counsel failed to raise issues and facts beneficial to his case and failed to objected to other matters. Specifically, he asserts that his trial counsel: never mentioned certain facts to the jury that would have helped Hill's defense; told Hill he could not testify; failed to raise the fact that Hill's fingerprints were not on the gun; failed to elicit testimony that, shortly after Hill's arrest, the arresting officer was fired for misconduct; and failed to point out that the officers' statements were inconsistent.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel —that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 130 S.Ct. 13, 16, 175 L.Ed.2d 255 (2009) (per curiam). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Hill must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland*, 466 U.S. at 687–91.

*1. Procedural default*

The government challenges Hill's ability to properly raise these issues for the first time in his post-conviction motion and contends that these issues have been procedurally defaulted because they were not raised on the direct appeal of his conviction and sentence. This is incorrect with respect to Hill's ineffective assistance of counsel claims. In *Massaro v. U.S.*, 538 U.S. 500, 503–04, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), "[t]he Supreme Court [] made clear that ineffective assistance challenges brought under the aegis of § 2255 are not themselves

6

susceptible to procedural default. *U.S. v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012). Accordingly, Hill's ineffective assistance of counsel claims are not precluded from review of the basis of procedural default.

### 2. *Cause and prejudice*

Nonetheless, the Government also argues that Hill's ineffective assistance of counsel claims are subject to dismissal because he is unable to meet his burden of establishing the two-prong standard of *Strickland*, *to wit.*, (1) that counsel's representation fell below the objective standard of reasonableness and (2) that, but for the deficiency, the result at trial would have been different.

### a. *Failure to allow Hill to testify at trial*

Hill first alleges that trial counsel did not allow him to testify. "[T]he advice provided by a criminal defense lawyer on whether his client should testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002) (internal quotation marks omitted); *Goff v. U.S.*, No. 1:11-CV-185, 2013 WL 3365242, at *5 (N.D.W. Va. July 3, 2013). Hill has offered no evidence that his trial counsel merely advised him, as opposed to coerced him, not to testify. Accordingly, a finding that trial counsel was ineffective on this basis cannot be made. *See Carter, supra* ("Absent evidence of coercion, legal advice concerning the defendant's right to testify does not constitute ineffective assistance of counsel."); *United States v. Laureano*, 2006 U.S. Dist. LEXIS 78227, at * 6–10 (D.S.C. Oct. 25, 2006). Moreover, even if Hill could establish that his trial counsel was ineffective for advising him against testifying, he has failed to show how he was prejudiced by counsel's advice. Hill has neither offered evidence as to what testimony he would

7

have offered if he testified at trial nor shown how this would have placed doubts in the minds of the jurors. *See United States v. Terry*, 366 F.3d 312, 318 (4th Cir. 2004). He has also failed to demonstrate how his conviction or sentence would have been different if he had testified. Accordingly, this claim is without merit.

### b. Failure to raise fact that Hill's fingerprints were not on gun

Hill also asserts that trial counsel was ineffective for failing to raise the fact that his fingerprints were not on the gun. Hill does not point to evidence supporting this fact. Nonetheless, even if the Court were to assume it were true, it has no bearing on the finding of guilt. "No case holds that the defendant's fingerprints must be on the firearm in order to prove possession of a firearm by a felon." *U.S. v. Griffin*, Crim. No. 91-612, 1993 WL 34927, at *9 (E.D. Pa. Feb. 9, 1993). Moreover, as noted in the decision affirming his conviction and sentence, to be convicted under § 922(g), a person need not have actual possession of a weapon; constructive possession, as found here, is sufficient to sustain a conviction. This may be proven "by demonstrating that the defendant 'exercised, or had the power to exercise, dominion and control over the item.'" *U.S. v. Hill*, 480 F. App'x 183, 185 (4th Cir. May 4, 2012) (quoting *United States v. Gallimore*, 247 F.3d 134, 136–37 (4th Cir. 2001) (internal quotation marks omitted)). The absence of Hill's fingerprints on the gun does not mandate an acquittal of Count III because there was ample evidence supporting his conviction of that charge. As summarized by the Fourth Circuit: officers found a shotgun in plain sight upon entering Hill's residence, along with a bag of shotgun shells; officers testified that Hill stated that he had borrowed the shotgun from his girlfriend's brother; and Hill's girlfriend, who lived in the same residence, testified that she told the 911 dispatch operator that she believed Hill had her brother's shotgun

8

in the house.

Accordingly, even if trial counsel's performance fell below an objective standard of reasonableness, Hill has not alleged, and he is unable to demonstrate, that the result would have been different inasmuch as the evidence established his constructive possession of the shotgun, which is sufficient to sustain a finding of guilt. Thus, this argument, too, lacks merit.

### c. Impeachment of arresting officer[1]

Hill next contends that trial counsel was ineffective for failing to elicit facts that the arresting officer, Deputy Robbie Adams, was dismissed shortly after Hill was arrested for misconduct in other cases. Again, Hill offers no support for this allegations. Nevertheless, even if this were true, he has failed to make any showing whatsoever that it was objectively unreasonable for trial counsel to raise this issue regarding Adams and that, had it been raised, the outcome of his trial would have been different. As noted above, this Court must be highly deferential to the performance of counsel and not second-guess his tactical decisions, including those regarding the impeachment of witnesses. See Hoots v. Allsbrook, 785 F.2d 1214, 1221 (4th Cir. 1986) (noting that in some cases an attempt to impeach might be "viewed by the jury as an unwarranted, desperate effort to discredit a witness whose testimony was intrinsically and by demeanor wholly credible"); *Koon v. Rushton*, 364 F. App'x. 22, 29–30 (4th Cir. 2010), *cert. denied*, ––– U.S. –––, 131 S.Ct. 270 (2010) (finding that the petitioner had not shown that the failure to impeach prejudiced him or affected the outcome of the case).

Accordingly, this argument provides no basis for § 2255 relief to Hill.

---

[1] The Government asserts that this issues was raised, and addressed, on appeal, A review of the appellate decision does not indicate that this issue was previously raised.

*d. Inconsistencies of officers' statements*

Next, Hill maintains that trial counsel failed to raise the inconsistencies in the officers' statements. Hill not only fails to identify the alleged inconsistencies, but also does not demonstrate how such inconsistencies would have changed the outcome of the jury trial had such alleged inconsistencies been pointed out. Accordingly, this argument does not provide a basis for relief.

*e. Failure to raise certain facts*

Hill also asserts, in general terms, that his trial counsel failed to elicit facts that were helpful to his defense. Aside from the specific allegation addressed above, such a bare allegation fails to satisfy Hill's burden under *Strickland* by identifying how counsel's performance fell below an objective standard of reasonableness and by demonstrating how the result would have been different, but for that deficiency. Such allegations provide no basis for § 2255 relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding summary denial of § 2255 motion appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations").

Consequently, Hill has failed to state a claim for ineffective assistance of counsel. Having determined that Hill has failed to raise a meritorious argument in his § 2255 petition as to the ineffective assistance of counsel, the Government's motion to dismiss should be granted on this issue.

*B. Jurisdiction*

Hall asserts that the District Court lacked subject matter jurisdiction to convict and sentence him as the charges were initiated by local, not federal, authorities. Not only is this issue

10

procedurally defaulted as it was not raised on direct appeal, but it is also clearly frivolous. Under 18 U.S.C. § 3231, subject matter jurisdiction over federal prosecutions is conferred upon the District Courts, providing that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." *See United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006) (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.")); *Lechiara v. U.S.*, No. 1:07-CV-14, 2008 WL 4851800, at * 5–6 (N.D.W. Va. 2008). In this case, Hill was prosecuted for a violation of §§ 922 (g)(1) and 924, which provide:

> (g) It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years

18 U.S.C. § 924. Thus, inasmuch as his conviction was based on federal law, the federal government had jurisdiction.

Additionally, separate sovereigns may prosecute the same conduct. *Heath v. Alabama*, 474 U.S. 82, 88–89 (1985); *United States v. A-A-A Electrical Co.*, 788 F.2d 242, 246 (4th Cir.

11

1986). For purposes of the Double Jeopardy Clause, the inquiry is whether the sovereigns draw their authority from the same source of power. *United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922) (noting that when sovereigns derive their power from different sources, "an act denounced as a crime by both national and state sovereignties ... may be punished by each"); cf. *United States v. Louisville Edible Oil Prods., Inc.*, 926 F.2d 584, 587 (6th Cir. 1991) (stating that the dual sovereignty doctrine holds the Double Jeopardy Clause inapplicable to separate sovereigns even if both criminal suits are for the same offense (citing *United States v. A Parcel of Land, Etc*., 884 F.2d 41, 43 (1st Cir. 1989))

The Constitution does not deny the State of North Carolina and the United States Governments the power to prosecute for the same act. *Rinaldi v. United States*, 434 U.S. 22, 28, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). Thus, under the application of the dual sovereignty exception to the double jeopardy bar renders Hall's federal conviction constitutionally sound. *See Heath*, 474 U.S. at 89 ("[T]he Court has uniformly held that States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' and not from the Federal Government.") (citation omitted). Nor is Hall's guilt in doubt inasmuch as he was convicted by a jury. Accordingly, this issue lacks merit and it is subject to dismissal.

*B. Motion for Leave*

In response to the Government's motion to dismiss, Hill filed a motion for leave to supplement his § 2255 motion. The motion for leave is granted and the Court has considered the issues raised therein in conjunction with his § 2255 motion.

12

*C. Rule 35(a) motion*

Hill also raises a Rule 35 motion is his submission. (*See* DE 96 at 5). Rule 35 (a) provides: "(a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Not only is the present motion untimely, but no error has been shown. Nor is relief under subsection (b) available to Hill as such a motion must be made by the Government. *See* Fed. R. Crim. P. 35 (b). Accordingly, Hill's Rule 35 motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the motions to vacate (DEs 83, 86) be DENIED and that the Government's motion to dismiss (DE 92) be GRANTED. Further, it is ORDERED that Hill's motion for leave (DE 95) is GRANTED and that Hill's motion under Rule 35 (a) (DE 96 at 5) is DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on October 22, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE