IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-80-FL-1
No. 5:16-CV-600-FL

| | | |
|---|---|---|
| JERRY SCOTT HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 114), which challenges petitioner's Armed Career Criminal Act (ACCA) sentencing enhancement in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 118). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

## BACKGROUND

On February 3, 2011, petitioner was convicted following a jury trial of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Prior to sentencing, the United States Probation Office prepared and published a Presentence Investigation Report ("PSR"), which describes in detail petitioner's background, including his criminal history. Based on petitioner's criminal history, the PSR determined that petitioner was an "armed career criminal" and that his statutory minimum sentence was 15 years, under 18 U.S.C. § 924(e)(1). (DE 65, ¶¶ 48, 52). In petitioner's criminal history, the PSR identified two North Carolina felony convictions for "Breaking

and Entering," and one North Carolina felony conviction for "Assault With a Deadly Weapon With Intent to Kill Inflicting Serious Injury." (Id. ¶¶ 11, 14, 18).

The court sentenced petitioner on April 29, 2011, to a term of imprisonment of 262 months, adopting the PSR without change. (See DE 72, 73). Petitioner appealed, and the Fourth Circuit affirmed.

Petitioner filed the instant motion to vacate on June 27, 2016, arguing that he can no longer be classified as an Armed Career Criminal because he does not have qualifying predicate convictions following Johnson. The government moves to dismiss on the basis that petitioner qualifies as an Armed Career Criminal on the basis of petitioner's convictions for breaking and entering, and assault with a deadly weapon with intent to kill inflicting serious injury.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

B.  Analysis

   1.   Breaking and Entering

Johnson invalidated the "residual clause" contained in the definition of "violent felony" in the ACCA. 135 S.Ct. at 2555-56, 2563 (quoting 18 U.S.C. § 924(e)(2)(B)). Johnson, however, "does not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the [ACCA's] definition of a violent felony." Id. at 2563. One of those enumerated offenses that constitutes a "violent felony" under the ACCA is "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). It is well-established in this circuit that the North Carolina offense of "breaking and entering" qualifies as burglary. United States v. Mungro, 754 F.3d 267, 268, 272 (4th Cir. 2014). Accordingly, Johnson has no impact on the status of petitioner's breaking and entering conviction as an Armed Career Criminal predicate.

Petitioner argues, nonetheless, that this court should revisit the determination made in Mungro that the North Carolina offense of breaking and entering qualifies as burglary. This argument fails for multiple reasons. First, this argument, which could have been raised prior to Johnson, is in effect a separate claim for relief that is procedurally defaulted and time-barred. See 28 U.S.C. § 2255(f); United States v. Frady, 456 U.S. 152, 165 (1982).[1] Second, this court is bound by Mungro, regardless of petitioner's contention that it was wrongly decided. See 754 F.3d at 268, 272 (holding that the North Carolina offense of "breaking or entering" "qualif[ies] as burglary and,

---

[1] Petitioner contends that the Fourth Circuit in Mungro suggested in footnote one in that opinion that "breaking and entering" qualified as a violent felony under the residual clause. Footnote one of Mungro, however, does not so state. Rather, it states in full: "The term ['violent felony'] also covers any offense that 'has as an element the use, attempted use, or threatened use of physical force against the person of another,' 'is ... arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.' 18 U.S.C. § 924(e)(2)(B)." 754 F.3d at 268 n. 1. The Fourth Circuit did not apply the residual clause to determine whether "breaking and entering" qualified as a violent felony. See id.

3

thus, as a predicate offense under the ACCA"). Petitioner's suggestion that the Fourth Circuit erroneously interpreted North Carolina law in existence at the time of Mungro may be directed more properly to the Fourth Circuit itself.

Petitioner contends that the reasoning in Mungro is called into question by another Fourth Circuit panel opinion decided six days before Mungro, in United States v. Martin, 753 F.3d 485 (4th Cir. 2014). Martin, however, is inapposite, because the government in that case conceded that the offense at issue, Maryland fourth degree burglary, under Md. Code Ann., Crim. Law § 6-205(a), did not constitute the enumerated crime of burglary of a dwelling. 753 F.3d at 488. The court analyzed the offense under the residual clause, and determined that it did not qualify as an ACCA predicate. Id. at 494.

In sum, petitioner's challenge to use of his breaking and entering convictions as ACCA predicates is both procedurally barred and without merit.

2. Assault With a Deadly Weapon With Intent to Kill Inflicting Serious Injury

The court turns next to petitioner's contention that his prior conviction for "Assault With a Deadly Weapon With Intent to Kill Inflicting Serious Injury" set forth at paragraph 18 of the PSR (hereinafter "AWDWIKISI"), does not constitute a "violent felony" under the ACCA.

Before Johnson, the Fourth Circuit regularly held or stated that various North Carolina assault with deadly weapon convictions constituted violent felonies under the ACCA, either based upon the residual clause or without discussing in isolation the remainder of the ACCA definition of "violent felony." See, e.g., United States v. Boykin, 669 F.3d 467, 469 (4th Cir. 2012) (stating predicate conviction for "assault with a deadly weapon inflicting serious injury" is a violent felony for purposes of the ACCA); United States v. Williams, 187 F.3d 429, 430 (4th Cir. 1999) (holding

4

that "assault with a deadly weapon with the intent to kill" is a violent felony under the ACCA); see also United States v. Brady, 438 F. App'x 191, 193 (4th Cir. 2011) (holding that "assault with a deadly weapon inflicting serious injury" is a violent felony under the ACCA); United States v. Harris, 458 F. App'x 297, 300 (4th Cir. 2011) (holding that "assault with a deadly weapon on a government official" is an ACCA predicate).

Where the residual clause of the ACCA now is unavailable after Johnson, the government contends that AWDWIKISI constitutes a violent felony instead under the "use of force" provision of the ACCA. Under the "use of force" provision, a prior conviction may count as a "violent felony" under the ACCA if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Use of physical force" against another requires "a higher degree of intent than negligent or merely accidental conduct." Leocal v. Ashcroft, 543 U.S. 1, 9 (2004). Likewise, "[r]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" United States v. Vinson, 805 F.3d 120, 125 (4th Cir. 2015) (quotations omitted); see also United States v. Travis, 149 F. Supp. 3d 596, 599 (E.D.N.C. 2016) ("defendant must have purposefully or knowingly applied the requisite force against his victim; negligently or recklessly applied force falls outside the scope of the 'use of physical force' provision"). In addition, "the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

To determine if petitioner's AWDWIKISI conviction constitutes a "violent felony" under the "use of force" provision, the court must apply "the familiar categorical approach," under which the court must "look only to the fact of conviction and the statutory definition of the prior offense,

5

focusing on the elements of the prior offense rather than the conduct underlying the conviction." Vinson, 805 F.3d at 123 (internal quotations omitted). In analyzing the elements of the offense at issue, the court may look also to relevant interpretations of the offense by the North Carolina Supreme Court. See id. at 125. The court may also consider the North Carolina pattern jury instructions. See id. at 126; United States v. Gardner, 823 F.3d 793, 802-803 (4th Cir. 2016).

The statute criminalizing AWDWIKISI states that "Any person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury shall be punished as a Class C felon." N.C. Gen. Stat. § 14-32(a). "The elements of assault with a deadly weapon with intent to kill inflicting serious injury are: (1) an assault, (2) with the use of a deadly weapon, (3) with an intent to kill, and (4) inflicting serious injury, not resulting in death." State v. Tirado, 358 N.C. 551, 579 (2004) (citing N.C. Gen. Stat. § 14-32(a)); see N.C. Pattern Instructions – Crim. 208.10 (same elements).

A conviction of the AWDWIKISI offense "requires proof of a specific intent or mental state." State v. Tate, 294 N.C. 189, 196 (1978) (quotations omitted); see State v. Irick, 291 N.C. 480, 502 (1977) (stating that AWDWIKISI is "a specific intent crime"). Thus, "a specific intent to kill [is] a necessary element in the proof" of an AWDWIKISI conviction, and it is "the distinguishing characteristic between [AWDWIKISI] and the lesser offense of assault with a deadly weapon." State v. Parks, 290 N.C. 748, 754 (1976).

This court previously has held that the offense of assault with a deadly weapon inflicting serious injury ("AWDWISI"), a separate offense under N.C. Gen. Stat. § 14-32(b), is not a violent felony under the ACCA, because such offense lacks a specific intent element, and requires only "culpable or criminal negligence" for a conviction. See United States v. Geddie, 125 F. Supp. 3d

6

592, 599-601 (E.D.N.C. 2015). AWDWIKISI, by contrast, contains that missing element of specific intent to kill. See, e.g., Tirado, 358 N.C. at 579. As such, AWDWIKISI meets the requirement of the "use of force" provision that force must be "used" with "a higher degree of intent than negligent or merely accidental conduct." Leocal, 543 U.S. at 9; see Geddie, 125 F. Supp. 3d. at 601 (suggesting that force must be "used" with "at an irreducible minimum, a reckless state of mind").

In addition, the "use of a deadly weapon" element of the AWDWIKISI offense, coupled with the "intent to kill," Tirado, 358 N.C. at 579, also meets the requirement that a qualifying offense must involve "force capable of causing physical pain or injury to another person," Johnson, 559 U.S. at 140. See United States v. Smith, 638 F. App'x 216, 219 (4th Cir. 2016) (holding that North Carolina "malicious assault in a secret manner" offense involving "the use of a 'deadly weapon' with 'intent to kill,' entails 'force capable of causing physical pain or injury to another person,' . . . and therefore qualifies as a 'violent felony' under the force clause").

In sum, petitioner's AWDWIKISI conviction properly constitutes a predicate offense under the ACCA.

Petitioner argues, nonetheless, that AWDWIKISI does not constitute a violent felony because such a conviction can be obtained by a showing of culpable or criminal negligence. In support of this proposition, petitioner cites a statement by the North Carolina Supreme Court in United States v. Jones, 353 N.C. 159 (2000), that "culpable or criminal negligence may be used to satisfy the intent requisites for certain dangerous felonies, such as manslaughter, assault with a deadly weapon with intent to kill and AWDWISI." State v. Jones, 353 N.C. 159, 166 (2000). This statement is inapposite for several reasons.

7

First, the statement in Jones is dicta.  In Jones, the court held that the offense of AWDWISI under consideration in that case lacked the requisite intent to qualify as a predicate for felony murder.  See 353 N.C. at 169.  The court was not presented with an offense of AWDWIKISI, at issue here. See id. at 164.  Second, as set forth above, North Carolina Supreme Court cases prior to Jones state unequivocally that AWDWIKISI is a "specific intent" crime, requiring specific "intent to kill," not mere carelessness, culpable negligence, or recklessness.  See Parks, 290 N.C. at 754; Irick, 291 N.C. at 502; Tate, 294 N.C. at 196.  Third, later in the same opinion in Jones, the Supreme Court seemingly qualified its earlier statement in dicta, by stating more specifically that crimes including "assault with a deadly weapon with intent to kill or with intent to inflict serious injury, . . . whether individually typed as specific intent or general intent in nature, have required actual intent on the part of the perpetrator." Jones, 353 N.C. at 168.  Thus, in the end, Jones does not detract from the conclusion that AWDWIKISI meets the mens rea requirements for a violent felony under the ACCA.

Petitioner also cites to the Fourth Circuit opinion in Vinson for the proposition that "North Carolina law permits convictions for all forms of assault . . . in cases where the defendant's conduct does not rise even to the level of recklessness." 805 F.3d at 126.  Vinson, however, like Jones, concerned a different offense, assault on a female, under N.C. Gen. Stat. § 14-33(c)(2). See id. at 124.  Vinson did not address in any respect assaults with deadly weapons with intent to kill.  See id. at 124-126.  Accordingly, the holding in Vinson is inapposite.  Moreover, in light of the limited nature of the court's holding in Vinson, it appears the Fourth Circuit's reference in dicta to "all forms of assault," properly should be read as a reference to all forms of generic assault, which, as noted in Vinson, comprise "three different definitions" or "formulations": (1) "attempted battery"

8

formulation, (2) "show of violence" formulation, and (3) "completed battery" formulation. See id. at 124-125.

Indeed, as noted above, this court and the Fourth Circuit have since Vinson determined that certain forms of North Carolina assault offenses do qualify as violent felonies under the ACCA. See Smith, 638 F. App'x at 219 (holding that North Carolina "malicious assault in a secret manner" offense constitutes ACCA predicate); United States v. McMillian, 652 F. App'x 186, 193 (4th Cir. 2016) (holding that Vinson does not control determination of whether North Carolina "assault by strangulation" constitutes an ACCA predicate); Travis, 149 F. Supp. 3d at 600-01 (same). While the unpublished Fourth Circuit decisions are not binding on this court, they are nonetheless persuasive.

In sum, petitioner's AWDWIKISI prior conviction (PSR ¶18) qualifies as an ACCA predicate offense. Therefore, where petitioner has three qualifying predicate convictions, petitioner's challenge to his Armed Career Criminal status is without merit, and petitioner's § 2255 motion must be dismissed as a matter of law.

C.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. See Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of

appealability is warranted on the issue of whether AWDWIKISI constitutes a violent felony under the ACCA.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 114) and GRANTS the government's motion to dismiss petitioner's motion to vacate. (DE 118). The court GRANTS a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of December, 2016.

LOUISE W. FLANAGAN
United States District Judge

10

Case 5:10-cr-00080-FL   Document 123   Filed 12/08/16   Page 10 of 10